IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CASSANDRA ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1346-JJF |
| ) | |
| RUTH ANN MINNER; STANLEY ) | JURY TRIAL DEMANDED |
| TAYLOR; PAUL HOWARD; THOMAS ) | |
| CARROLL; LAWRENCE McGUIGAN; ) | |
| CLYDE SAGERS; DAVID E. PIERCE, Jr.; ) | |
| JOHN SALAS; STEVEN BOONE; ) | |
| BRANDON RICHARDSON; WILLIAM ) | |
| FAUST; LACHELLE GREEN; RONALD ) | |
| HOSTERMAN; and CERTAIN ) | |
| UNKNOWN INDIVIDUAL EMPLOYEES ) | |
| OF THE DEPARTMENT OF ) | |
| CORRECTION; ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COME NOW, the Defendants, Ruth Ann Minner, Stanley Taylor, Paul Howard, Thomas Carroll, Lawrence McGuigan, Clyde Sagers, David E. Pierce, Jr., John Salas, Steven Boone, Brandon Richardson, Williams Faust, Lachelle Green, and Ronald Hosterman, and answer Plaintiff's Complaint as follows:

1.  Admitted that Plaintiff is no longer employed by the State of Delaware, the Defendants are without sufficient knowledge to admit or deny the remainder of the allegations contained in the paragraph.

2.  Admitted.

3.  Admitted that Stanley Taylor is the Commissioner of Correction for the State of Delaware. The remainder of the paragraph is a legal argument which requires no response.

4.  Admitted.

5.   Admitted.

6.   Admitted that Lawrence McGuigan was the Deputy Warden of the Delaware Correctional Center, the balance of the paragraph contains only legal argument which requires no response.

7.   Admitted that Clyde Sagers is a Captain, employed by the DOC, the remainder of the paragraph is denied.

8.   Admitted that David E. Pierce, Jr. is employed by the DOC as a Lieutenant, denied as to the remainder of the paragraph.

9.   Admitted that John Salas was employed by DOC as a Lieutenant, denied as to the remainder of the paragraph.

10.  Admitted that Stephen Boone was employed by the DOC as a Lieutenant, denied as to the remainder of the paragraph.

11.  Admitted that Brandon Richardson was employed by the DOC as a Sergeant, denied as to the remainder of the paragraph.

12.  Admitted.

13.  Admitted.

14.  Admitted that Ronald Hosterman was employed by the DOC as Treatment Administrator, denied as to the remainder of the paragraph.

15.  Because the paragraph fails to identify any individual, the defendants are without sufficient information to admit or deny the allegations contained in this paragraph. The Defendants absolutely deny any responsibility for the independent criminal actions of Scott Miller committed on July 12, 2004.

16.     Denied. The State of Delaware Department of Correction is not a defendant in this matter.

17.     The paragraph contains pure legal argument not requiring a response. To the extent a response is required, the entire paragraph is specifically denied.

18.     Admitted that Scott Miller was a sentenced inmate being housed within the Delaware Correctional Center's MHU building and that he committed a horrific criminal act upon the Plaintiff, denied as to the remainder of the allegations.

19.     The paragraph contains a legal conclusion which requires no response, to the extent a response is required, the paragraph is denied.

20.     Admitted that Scott Miller participated in a group therapy session conducted by the Plaintiff as part of her duties as an employee of the DOC.

21.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

22.     Denied.

23.     The paragraph states a legal conclusion which requires no response. To the extent a response is required, the paragraph is specifically denied.

24.     The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

25.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

26.     Admitted as to Plaintiff's approximations.

27.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

28.     The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

29.     The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

30.     The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

31.     The paragraph states a compound legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

32.     Admitted that one or more DOC employees may be dissatisfied with their supervisors. Denied as to the remainder of the paragraph.

33.     Denied.

34.     Admitted that DOC's request for a temporary restraining order was denied by the Chancery Court, denied as to the remainder of the allegations.

35.     The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

36.     Admitted that Scott Miller committed a horrific criminal act against the Plaintiff, denied as to the remainder of the paragraph.

37.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

38.     Although the building's design speaks for itself, Plaintiff's descriptions are admitted as accurate approximations.

39. Although the building's design speaks for itself, Plaintiff's descriptions are admitted as accurate approximations; the remainder of the paragraph contains legal argument which requires no response.

40. Although the building's design speaks for itself, Plaintiff's descriptions are admitted as accurate approximations.

41. Although the building's design speaks for itself, Plaintiff's descriptions are admitted as accurate approximations.

42. Although the building's design speaks for itself, Plaintiff's descriptions are admitted as accurate approximations; admitted that inmates pass through the described area, the remainder of the paragraph is denied.

43. Denied.

44. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

45. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

46. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

47. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

48. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

49. Denied.

50. Denied.

51. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

52. Denied.

53. Admitted.

54. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

55. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

56. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

57. Although the building's design speaks for itself, Plaintiff's descriptions are admitted as accurate approximations.

58. Admitted that Lachelle Green was assigned to the control pod, denied as to the remainder of the allegations.

59. Denied.

60. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

61. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

62. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

63. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

64. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

65. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

66. Admitted that Scott Miller was, unfortunately, an efficient and capable criminal capable of hiding his criminal behavior and avoiding detection; the remainder of the paragraph is denied.

67. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

68. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

69. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

70. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

71. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

72. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

73. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

74. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

75.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

76.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

77.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

78.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

79.     Denied.

80.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

81.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph; the portion of the paragraph following the last semi-colon constitutes legal argument not requiring a response.

82.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

83.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

84.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

85.     The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

86.     Denied.

87. Admitted that Scott Miller's demands to speak to the warden in person were denied; denied as to the remainder of the paragraph.

88. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

89. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

90. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

91. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

92. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

93. Admitted and agreed that Scott Miller committed the crime of Rape 1st Degree against the Plaintiff.

94. Admitted that it was raining at the time Scott Miller committed the above-stated criminal acts, denied as to the remainder of the paragraph.

95. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

96. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

97. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

98. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

99. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

100. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

101. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

102. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

103. Admitted that correctional staff were able to enter the room and prevent Plaintiff's death, denied as to the remainder of the allegations contained in the paragraph.

104. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

105. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

106. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

107. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

108. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

109. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

110. The Answers to paragraphs 1 to 109 are restated as if more fully set forth herein.

111. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

112. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

113. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

114. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

115. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

116. The Answers to paragraphs 1 to 115 are restated as if more fully set forth herein.

117. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

118. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

119. The Answers to paragraphs 1 to 118 are restated as if more fully set forth herein.

120. Denied; as more fully set forth by previous ruling of this Court.

121. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

122. The paragraph states a legal conclusion which requires no response, to the extent a response is required, the paragraph is specifically denied.

123. The Answers to paragraphs 1 to 122 are restated as if more fully set forth herein.

124. Denied; as more fully set forth by previous ruling of this Court.

125. Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

126. The defendants are immune from liability to the Plaintiff under the doctrine of Sovereign Immunity.

127. The defendants are entitled to Qualified Immunity.

128. The defendants are immune from liability to the Plaintiff under the doctrine of State Sovereign Immunity.

129. Plaintiff fails to state a claim on which relief may be granted.

130. Certain of Plaintiff's injuries existed prior to the date of the alleged wrongful conduct by defendants.

131. Plaintiff's injuries, if any, resulted from an intervening and superseding cause; to wit, the criminal act of Scott Miller.

132. Plaintiff's negligence contributed to any alleged injury that resulted from the alleged incident in a manner which precludes recovery.

133. Plaintiff has failed to mitigate her alleged injuries.

134. Plaintiff assumed the risk that she might be injured while working at what she knew to be an inherently dangerous job.

**WHEREFORE**, the Answering Defendants demand that judgment be entered in their favor as to all claims and against the plaintiff as to all claims and that attorney fees be awarded to the Defendants.

                                **STATE OF DELAWARE**
                                **DEPARTMENT OF JUSTICE**

                                /s/ Richard W. Hubbard
                                Richard W. Hubbard, I.D. # 2442
                                Aaron R. Goldstein, I.D. # 3735
                                Deputies Attorney General
                                Carvel State Office Building
                                820 N. French Street, 6th floor
                                Wilmington, DE 19801
                                (302) 577-8400
                                richard.hubbard@state.de.us
                                Attorneys for Defendants Minner, Taylor, Howard, Carroll, McGuigan, Sagers, Pierce, Salas, Boone, Richardson, Faust, Green, and Hosterman.

DATE:       JULY 13, 2005

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on July 13, 2005, I electronically filed Defendants' Answer to the Complaint with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:   Jeffrey K. Martin, Esquire, Herbert G. Feuerhake, Esquire.

/s/ Richard W. Hubbard
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
richard.hubbard@state.de.us